## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

TAMMY S. WILSON,

        Petitioner,

v.                                  Case No. 3:10-cv-01383

LORI NOHE, Warden,
Lakin Correctional Center,

        Respondent.

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket No. 2); Respondent's Motion to Dismiss Petitioner's Petition (Docket No. 9); Petitioner's Motion to Reconsider Appointment of Counsel (Docket No. 11); and Petitioner's Amendment to her Motion to Reconsider Appointment of Counsel (Docket No. 13). This case was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned proposes and recommends that the United States District Judge find that Petitioner has failed to exhaust her State remedies and, thus, her petition should be dismissed without prejudice.

### I.    Factual Background and Procedural History

Petitioner is presently serving a life term of imprisonment with the possibility of parole in the Lakin Correctional Center in West Columbia, West Virginia.  According to

a post-sentence report provided by Respondent, Petitioner conspired with two other individuals to murder Todd McQuaid (hereinafter "the victim"), the owner of the business which she managed and with whom she was engaged in a romantic relationship, believing that she would acquire the victim's business after his death. (Tr. at 12-1 at 6-8). On or about the evening of October 5, 1990, Petitioner reportedly accompanied the victim to an establishment near his business where the victim consumed several alcoholic drinks and Petitioner provided him with the medication Valium. (*Id.* at 8).  After returning to Petitioner's home, the victim "passed out" on the floor of her bedroom and Petitioner notified her co-defendants who were waiting a short distance away to come to her residence. (*Id.*).  Petitioner's co-defendant Roger Cline fired three shots at the victim, missing the victim's body, before firing a fourth shot which struck the victim in the back of the head; Cline then disposed of the victim's body. (*Id.*).  Petitioner and her co-defendants removed and replaced the blood stained carpet. (*Id.*).

On October 6, 1990, a grand jury in Greenbrier County, West Virginia returned an indictment charging Petitioner with first degree murder. (*Id.* at 10). Due to significant pre-trial publicity, the jury trial was moved to Monongalia County, West Virginia. (*Id.*). On August 1, 1991, a jury convicted Petitioner of first degree murder. (*Id.* at 2). The following month, on September 16, 1991, she was sentenced to a life term of imprisonment without the possibility of parole. (*Id.*).

On October 9, 2001, after pursuing "several other post-conviction appeals and writs," Petitioner filed a Petition for a writ of habeas corpus relief in the Circuit Court of Monongalia County, West Virginia. (*Id.* at 11). The government conceded that there may

-2-

have been reversible errors during Petitioner's jury trial; namely, the improper paneling of the jury. (*Id.*). On this basis, the parties entered into a plea agreement whereby Petitioner entered an Alford plea to first degree murder in exchange for the possibility of parole. (*Id.*). On March 4, 2004, the Circuit Court granted Petitioner's Habeas Corpus petition, set aside her conviction and original sentencing order, adjudged her guilty of murder in the first degree based on her oral plea, and sentenced her to life imprisonment with the possibility of parole after she served the statutory minimum sentence of ten years. (*Id.* at 13).

Thereafter, Petitioner met with the West Virginia Parole Board once every three years beginning on May 3, 2004 and then on May 14, 2007 and May 19, 2010. (*Id.* at 16-18, 20-23, and 25-28). On each occasion, the Parole Board denied Petition's parole, outlining the factors considered and the reasons for the Board's decision, emphasizing the seriousness of Petitioner's crime. (*Id.*).

On August 26, 2010, Petitioner filed a petition in the Supreme Court of Appeals of West Virginia praying for a writ of habeas corpus ad subjiciendum to be directed to Respondent. (*Id.* at 30). She requested the Court to (1) "review the parole decision that was handed down by the West Virginia Parole Board on May 19, 2010 and dismiss their decision due to the obvious arbitrary and capricious manner in which the hearing was conducted;" (2) order that the date of her next parole hearing be "changed from 5/15/2013 to the next available opportunity;"[1] (3) grant her "relief of Habeas Corpus" and release her from State custody; (4) "[o]rder that all persons in State custody be

---

[1] Parole Board documents indicate that her next parole hearing will, in fact, take place on May 20, 2013. (*See* Docket No. 12-1 at 26 and 27).

granted reasonable access to legal documents and resources" to pursue legal redress and that no portion of legal proceedings be withheld from them; (5) direct that the Attorney General investigate the West Virginia Department of Corrections procedures, particularly the constitutionality of the evaluation of parole eligibility; (6) and "[t]ake corrective action to ensure the constitutionality of these processes." (Docket No. 2-1 at 1 and 15-16). The Court refused Petitioner's petition. (Docket No. 12-1 at 30).

On December 15, 2010, Petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] (Docket No. 2). Petitioner asserts that the Parole Board "treated [her] in an arbitrary and capricious manner" by denying her parole on May 19, 2010 and references her foregoing petition filed in the State Supreme Court. (*Id.* at 6). On the same date, Petitioner filed an application to proceed without the prepayment of fees or costs and a motion for appointment of counsel. (Docket Nos. 1 and 3). The undersigned denied Petitioner's *in forma pauperis* application and Petitioner paid the filing fee of $5.00 for this civil action. (Docket Nos. 5 and 6). The undersigned also denied Petitioner's motion for appointment of counsel without prejudice, finding that the case is not complex and that Petitioner has the capacity to adequately present her claims, but noting that if the complexion of the case changes or

---

[2] The undersigned recognizes that a difference of opinion exists among the federal circuits on the issue of whether 28 U.S.C. § 2254 provides the exclusive procedural vehicle through which a State prisoner in custody pursuant to the judgment of a State court can challenge matters related to the execution of his or her sentence. *See, e.g., Gregory v. Coleman,* 218 Fed Appx. 266 (4th Cir. 2007)(unpublished). The Fourth Circuit has not explicitly ruled on this question, although it has recognized that the majority of jurisdictions find the use of 28 U.S.C. § 2254 mandatory for all challenges by State prisoners in custody pursuant to a State court judgment, even when the challenge does not extend to the underlying conviction. *Id.* In view of the procedural requirements that control the filing of successive habeas petitions, as well as other substantive issues, the exclusive applicability of § 2254 can have dispositive significance in some cases. In this particular case, however, the procedural vehicle selected by Petitioner is inconsequential to the result. Accordingly, the undersigned need not address the legitimacy of Petitioner's designation of her action as a 28 U.S.C. § 2241 petition for writ of habeas corpus.

the need for an evidentiary hearing becomes apparent, the Court will re-visit the issue at that time. (Docket No. 7). Petitioner subsequently filed a Motion for reconsideration of the appointment of counsel and an amendment to her Motion for reconsideration. (Docket Nos. 11 and 13). On February 4, 2011, Respondent filed a Motion to Dismiss Petitioner's case and memorandum in support, asserting that the Court must dismiss Petitioner's action because she failed to exhaust her State remedies, noting that "[n]othing in the [State Supreme Court's] Order reflects that the refusal was with 'prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction.'" (Docket Nos. 9 and 10). On February 17, 2011, Respondent answered Petitioner's habeas petition, noting that Petitioner has not exhausted her State remedies, as articulated in the Motion to Dismiss, and responding on the merits of the petition that Petitioner has received the minimal level of due process required of parole decisions by the Fourth Circuit. (Docket No. 12). On March 18, 2011, Petitioner filed a reply to Respondent's answer, stating that Respondent "reference[s] to documents/evidence that [she] is not allowed access;" that she believes that she has exhausted her remedies at the administrative and intermediate level; and reemphasizes her rehabilitative efforts and other factors she believes substantiates her eligibility for parole. (Docket No. 14).

## II.    Standard of Review for a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bass v. Dupont,* 324 F.3d 761, 765 (4th Cir. 2003). When considering a motion to dismiss, the court will construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *Schuerer v. Rhodes,* 416 U.S. 232, 236 (1974).

Further, the Court is required to liberally construe *pro se* Complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U .S. 89, 94 (2007). However, even under this less stringent standard, the Complaint still must contain sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion,* 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.   Analysis

As stated, Respondent has filed a Motion to Dismiss Petitioner's action on the basis that Petitioner has not exhausted her state judicial remedies. (Docket No. 10). On this point, Petitioner responds that the Order from the Supreme Court of Appeals of West Virginia refusing her habeas petition does not indicate "whether the refusal was with or without prejudice;" therefore, she "then as a lay person...filed [her] case in the United States District Court," which she believed to be "the next appropriate court." (Docket No. 14).

In the absence of exceptional circumstances, a state prisoner must first exhaust her claims in the appropriate state court before availing herself of federal habeas relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *See, e.g., Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (§ 2241 action); *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011) (§ 2254 action). "Although, unlike § 2254, the statutory language of § 2241 does not expressly require exhaustion of state judicial remedies, 'a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" *Ali v. Waid*, 2009 WL 1872972 (N.D.W.Va. 2009), quoting *Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-92 (1973). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws that exhaustion of adequate state remedies will "best serve the policies of federalism." *Preiser v. Rodriguez,* 411 U.S. 475, 491-92 & n. 10 (1973). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor,* 404 U.S. 270, 275 (1971).

To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in West Virginia may exhaust her available state court remedies in any of three ways: (1) by presenting cognizable federal constitutional claims in a direct appeal; (2) by stating such claims in a petition for a writ

-7-

of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the Supreme Court of Appeals of West Virginia; or (3) by filing a petition for a writ of habeas corpus under the original jurisdiction of the Supreme Court of Appeals of West Virginia which is denied with prejudice. *Lester v. Ballard*, 2011 WL 183376, *6 (S.D.W.Va. 2011), citing *Moore v. Kirby,* 879 F.Supp. 592, 593 (S.D.W.Va. 1995); *McDaniel v. Holland,* 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986).

Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett,* 134 F.3d 615, 619 (4th Cir. 1998), *citing Matthews v. Evatt,* 105 F.3d 907, 910-11 (4th Cir. 1997). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004), *quoting Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000), *quoting Matthews,* 105 F.3d at 911. Thus, "the

presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id., citing Duncan,* 513 U.S. at 366; *see Gray v. Netherland,* 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews,* 105 F.3d at 911, *citing Mallory v. Smith,* 27 F.3d 991, 994 (4th Cir. 1994). Where a petitioner has failed to exhaust her state court remedies, the federal petition should be dismissed. *McDaniel v. Holland,* 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986), citing *Preiser v. Rodriguez,* 411 U.S. 475, 477 (1973).

In this case, Petitioner has not exhausted all available State remedies before applying for federal habeas relief. It is well established that a petition filed in the Supreme Court of Appeals of West Virginia under the Court's original jurisdiction that is denied <u>without an indication that the denial is with prejudice following a determination on the merits</u> will not exhaust the prisoner's state court remedies. *Lester v. Ballard*, 2011 WL 183376, *6 (S.D.W.Va. 2011); *see also Moore,* 879 F.Supp. at 593; *McDaniel,* 631 F.Supp. at 1546; *Meadows v. Legursky,* 904 F.2d 903, 908-909 (4th Cir. 1990) (abrogated on other grounds, *Trest v. Cain,* 522 U.S. 87 (1997)). Here, Petitioner presented her claims in an original jurisdiction petition for a writ of habeas corpus and the Supreme Court of Appeals of West Virginia refused her petition in a formal summary order containing no explanation. According to Petitioner's own statements, she then presented her claims in this Court because she believed it was the appropriate venue.  She does not allege that she is procedurally barred or prevented from presenting her claims to an appropriate State court. She has not presented any justification as to

-9-

why she cannot or should not exhaust her State remedies before availing herself of federal habeas relief. Consequently, she has not presented any "exceptional circumstances" warranting the exercise of the federal habeas jurisdiction of this Court.

Based on the foregoing, the undersigned respectfully proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust her state judicial remedies.

## IV.    Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Respondent's Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus (Docket No. 9) be **GRANTED**; and

2. Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody (Docket No. 2) be **DISMISSED** without prejudice so that she may exhaust the State court remedies available to her; and

3. Petitioner's Motion to Reconsider Appointment of Counsel (Docket No. 11) and Petitioner's Amendment to her Motion to Reconsider Appointment of Counsel (Docket No. 13) be **DENIED** as moot.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

-10-

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the petitioner, the respondent, and any counsel of record.

**FILED:**  April 28, 2011.

Cheryl A.  Eifert
United States Magistrate Judge

-11-