IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TAMMY S. WILSON,

           Petitioner,

v.                                          CIVIL ACTION NO. 3:10-01383

LORI NOHE, Warden,
Lakin Correctional Center,

           Respondent.


**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the Petitioner's Petition for a Writ of Habeas Corpus (ECF 2), Respondent's Motion to Dismiss Petitioner's Petition (ECF 9), Petitioner's Motion to Reconsider Appointment of Counsel (ECF 11), Petitioner's Amendment to her Motion to Reconsider Appointment of Counsel (ECF 13), and Petitioner's Specific Written Objections (ECF 16) to Magistrate Judge Eifert's Proposed Findings and Recommendations (ECF 15). For the following reasons, Petitioner's objections are **DISMISSED** without prejudice so that she may exhaust the State court remedies available to her. The Court **ADOPTS** Magistrate Judge Eifert's Proposed Findings and Recommendations. Accordingly, the Court disposes of the pending motions as follows: Respondent's motion to dismiss (ECF 9) is **GRANTED**; Petitioner's petition (ECF 2) is **DISMISSED without prejudice** so that she may exhaust the State court remedies available to her; Petitioner's motion to reconsider (ECF 11) and amendment to her motion (ECF 13) are **DENIED as moot**; and Petitioner's objections (ECF 16) are **DENIED**.

## I. Background

Petitioner, Tammy S. Wilson, is currently incarcerated on a first degree murder charge, serving a life term of imprisonment with the possibility of parole. Judge Eifert's proposed findings and recommendations accurately recount the factual history of the underlying crime, so the Court will not repeat it here. The Court's background inquiry will instead be limited to a brief recounting of the procedural history of Petitioner's efforts to obtain release on parole. Petitioner has met with the West Virginia Parole Board on three separate occasions, being denied parole each time. *See* West Virginia Parole Board Recommendations/Decisions, ECF 2-3. Following the most recent Parole Board meeting, on August 26, 2010, Petitioner filed a petition for a writ of habeas corpus ad subjiciendum in the Supreme Court of Appeals of West Virginia, which that court denied in a cursory opinion—apparently without prejudice. *See Op. of Supreme Ct. of Appeals of W. Va.*, ECF 12-1, at 30–31. Petitioner subsequently filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] *See Pet'r's Pet.*, ECF 2.

## II. Discussion

28 U.S.C. § 2254 requires that prisoners exhaust the remedies available to them through the State courts prior to pursuing habeas relief in federal court. *See* 28 U.S.C. § 2254 (b), (c).[2]

---

[1] Magistrate Judge Eifert points out that this may be the wrong statutory vehicle for Petitioner's motion. *Proposed Findings & Recommendations*, ECF 15, at 4, n.2. The Court concurs that this legal issue is of no import at this stage as Petitioner's petition is being dismissed for failure to exhaust state remedies. *Id.*

[2] (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. (c) An applicant shall not be deemed to have exhausted the remedies

(continued...)

Prisoners being held pursuant to a judgment of the West Virginia courts may exhaust their remedies in the following three ways: by direct appeal of cognizable federal constitutional claims; by petition filed in West Virginia circuit court pursuant to West Virginia Code § 53-4A-1, followed by appeal of any adverse judgment to the West Virginia Supreme Court; or by petition filed under the original jurisdiction of the West Virginia Supreme Court. *See Lester v. Ballard*, 2011 WL 183376, at *6 (S.D. W. Va. 2011). Judge Eifert properly found that the exhaustion requirement applies to petitions filed under 28 U.S.C. § 2241. *See Proposed Findings & Recommendations*, ECF 15, at 7 (citing *Ali v. Waid*, 2009 WL 1872972, at *2 (N.D. W. Va. 2009) ("Although, unlike § 2254, the statutory language of § 2241 does not expressly require exhaustion of state judicial remedies, 'a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'") (internal citations omitted)).

Petitioner relies on *Brown v. Allen* to argue that she has adequately exhausted her remedies so as to be able to bring her claims before this Court. *Pet'r's Pet.*, ECF 2, at 10; s*ee also Brown v. Allen*, 344 U.S. 443, 487 (1953) ("We have interpreted § 2254 as not requiring repetitious applications to state courts for collateral relief, . . . but clearly the state's procedure for relief must be employed in order to avoid the use of federal habeas corpus as a matter of procedural routine to review state criminal rulings. A failure to use a state's available remedy, in the absence of some interference or incapacity, . . . bars federal habeas corpus."). However, *Brown* does not provide dispositive guidance as to whether a district court must find exhaustion of remedies when a state

---

[2](...continued)
available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

court dismissal a) is without prejudice, and b) has not been denied certiorari by the U.S. Supreme Court. In *Brown*, the U.S. Supreme Court *had* denied certiorari on the relevant petitions prior to the district court accepting the federal habeas petition. *See Brown*, 344 U.S. at 447. In the instant case, Petitioner did not seek certiorari from the U.S. Supreme Court, and thus the opinion of the West Virginia Supreme Court on its own provides a weaker basis than there was in *Brown* for a court to find exhaustion of remedies.

Moreover, in this case, the West Virginia Supreme Court has merely dismissed the petition without prejudice and in cursory fashion (*see* Op. of Supreme Ct. of Appeals of W. Va., ECF 12-1), whereas, in *Brown*, the State supreme court dismissed the relevant petitions with prejudice on the merits. *See generally State v. Brown*, 63 S.E.2d 99 (N.C. 1951); *State v. Speller* 57 S.E.2d 759 (N.C. 1950); *State v. Daniels*, 57 S.E.2d 653 (N.C. 1950) (expressing substantive State supreme court decisions with prejudice in the three cases that were consolidated into *Brown v. Allen*).

Judge Eifert discussed authority holding that "'if the [West Virginia Supreme Court of Appeals] dismisses the petition without prejudice to the petitioner's application for relief in a court of record, the federal court should decline the petition until the prisoner has pursued the state remedies [that] the Supreme Court of Appeals has made available . . . .'" *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986) (quoting *Leftwich v. Coiner*, 424 F.2d 157, 160–61 (4th Cir. 1970); *accord Lester*, 2011 WL 183376, at *6 ("an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies"); *see also In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (holding that dismissal for failure to exhaust state remedies does not bar a petitioner from returning to federal court). Petitioner may still bring her claim before an appropriate State circuit

court, and may pursue an appeal to the West Virginia Supreme Court.  *See Proposed Findings & Recommendations*, ECF 15, at 7–8; *see also Lester*, 2011 WL 183376, at *6.  Thus, for the purposes of ascertaining whether Petitioner has exhausted her remedies, the West Virginia Supreme Court decision does not contain the same finality that the state court decisions contained in the *Brown* cases.

Additionally, the Court notes that federal courts should strive to exercise comity when state courts are obliged to interpret federal law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.  Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.") (citations omitted).  In the absence of either a U.S. Supreme Court denial of certiorari, or a state court denial with prejudice, the Court **FINDS** that the interests of comity weigh in favor of requiring Petitioner to exhaust the State court remedies that remain available to her.

In her written objections, Petitioner offers ample discussion of the substantive grounds supporting her petition.  *See Pls.' Specific Written Objections*, ECF 16, at 2–9.  However, on the basis of the foregoing considerations, this Court declines to address those substantive questions until Petitioner exhausts the remedies that are available to her in the State courts.

### III. Conclusion

For the reasons stated in this Order, the Court **DISMISSES** this action without prejudice so that she may bring her claims before an appropriate State circuit court, and exhaust any appropriate appeals.  The Court therefore **ADOPTS** Magistrate Judge Eifert's Proposed Findings and Recommendations.  The Court further **GRANTS** Petitioner leave to re-file this action in this Court

after she has exhausted the State court remedies available to her. Petitioner's right to re-file this action will be subject to the federal statute of limitations for habeas petitions by state prisoners. *See* 28 U.S.C. § 2244(d)(1), (2). The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

       ENTER:      July 6, 2011

       _____
       ROBERT C. CHAMBERS
       UNITED STATES DISTRICT JUDGE